**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DOROTA RYSZK,

    Plaintiff,

vs.                                                                                                  CASE NO. 3:04-cv-1335-J-99TEM

THE OCEAN RITZ CONDO ASSOC.
ATTORNEY REPRESENTATIVE OF ASSOCIATION,

    Defendant.
_____

### **REPORT AND RECOMMENDATION**[1]

This case is before the Court on Plaintiff's Complaint (Doc. #1) and In Forma Pauperis Application and Financial Affidavit (Doc. #2), which the Court construes as a motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1). Upon initial review of these documents, the Court noted several deficiencies, which it then afforded Plaintiff an opportunity to correct. The filing deadline for the amended documents expired more than two (2) months ago. *See* Doc. #4, Court Order. Plaintiff has not yet amended his/her complaint or his/her affidavit of indigency. Accordingly, the matter is ripe for the Court's review.

The Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of costs, fees, or security. 28 U.S.C. § 1915(a)(1). The Court's decision to grant *in forma pauperis* status is discretionary (*Pace v. Evans*, 709 F.2d 1428 (11th Cir. 1983)) and should be "bestowed only upon those who are truly indigent." *Antonelli v. Bureau of Alcohol, Tobacco and Firearms*, 1985 WL 1613, *1 (N.D. Ill. May 28,

---

[1] Any party may file and serve specific, written objections hereto with TEN (10) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a de novo determination by a district judge of an issue covered herein and from attacking factual findings on appeal. See 28 U.S.C. §636(b)(1); Fed.R.Civ.P. 72(a), 6(a) and (e); Local Rules 6.02(a) and 4.20, United States District Court for the Middle District of Florida.

1985).  Plaintiff filed an affidavit which fails to provide the Court with sufficient information upon which to grant *in forma pauperis* status.  Plaintiff's affidavit of indigency is incomplete and is not a sworn statement of his/her financial status.  See *Martin-Trigona v. Shiff*, 600 F.Supp. 1184, 1192 (D.D.C. 1984) *citing Atkins V. Sullivan* 387 F.2d 140, 141 (10th Cir. 1967) (trial court is correct in denying *in forma pauperis* status where affidavits of indigency are not notarized); 32 AM. JUR. 2d *Federal Courts* § 512 (2003) (an affidavit should be notarized).  Plaintiff has further failed to file an amended affidavit of indigency as directed by Court Order.  Thus, the Court finds Plaintiff has not provided an affidavit showing that he/she meets the financial criteria which would entitle Plaintiff to be eligible to proceed *in forma pauperis* and therefore **recommends the request be DENIED**.

When an application to proceed *in forma pauperis* is filed, the Court is also obligated to review the case pursuant to 28 U.S.C. § 1915(e)(2) and to dismiss the case if it determines that the action is frivolous or malicious, if it fails to state a claim upon which relief may be granted; or if the complaint seeks monetary relief against a defendant who is immune from such relief.

Here, Plaintiff's complaint fails to state a cause of action cognizable in federal court.[2]  In the complaint, Plaintiff claims the defendants have violated his/her constitutional rights and discriminated against him/her "as to fraudulent claims, account tampering, and civil rights violations."  See  Doc. #1.  However, Plaintiff has failed to allege facts in the complaint sufficient to establish a prima facie case for the alleged violations.  The Court is unable to

---

[2]Federal courts are courts of limited jurisdiction.  *See, e.g.,*  28 U.S.C. §§ 1331, 1332, 1333 & 1334.  The court is required to examine its jurisdiction over an action at any time and dismiss an action sua sponte for lack of subject matter jurisdiction if jurisdiction is not found.  *Barnett v. Bailey,* 956 F.2d 1036, 1039-41 (11th Cir. 1992).

ascertain any basis for federal jurisdiction under the complaint as filed.  Because the courts are directed to construe *pro se* complaints more liberally than formal pleadings drafted by lawyers,  *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), in an abundance of caution, the Court provided Plaintiff an opportunity to amend the complaint.  The Court provided Plaintiff with specific directions concerning a properly amended complaint.  Plaintiff has failed to file an amended complaint.

A suit is frivolous "where it lacks an arguable basis either in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In reviewing the complaint, the undersigned applied "the liberal construction to which pro se pleadings are entitled."  *Holsomback v. White*, 133 F.3d 1382, 1386 (11th Cir. 1998).  However, liberal construction cannot serve as a substitute for establishing a cause of action.  *See GJR Investments, Inc. v. County of Escambia Florida*, 132 F.3d 1359, 1369 (11th Cir. 1998).  The undersigned finds Plaintiff's original complaint to be frivolous on its face and therefore **recommends this action be DISMISSED without prejudice** to Plaintiff refiling a properly amended, paid complaint.[3]

**DONE AND ENTERED** at Jacksonville, Florida this 8th day of June, 2005.

Copies to
The Hon. Henry Lee Adams, Jr.
*Pro Se* Plaintiff

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge

---

[3] Alternatively, the undersigned would recommend this case be dismissed without prejudice for failure to prosecute.  The Court notes several mailings sent to Plaintiff's address of record have been returned as undeliverable and Plaintiff has not filed anything with the Court since the initiation of this suit.